

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 10 AM 9:42
SEP 1 0 2001
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

# 01-2757

| | | |
|---|---|---|
| Sherry Lynn Blancher and Stanley Blancher | * | CIVIL ACTION NO. |
| | * | COMPLAINT |
| VERSUS | | SECT. J MAG. 1 |
| | * | DEMAND FOR JURY |
| Papa John's International, Inc. | * | TRIAL |
| | * | SECTION " " |
| | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOW INTO COURT,** through undersigned counsel, come complainants who respectfully represent:

1.

This court has subject matter jurisdiction pursuant to 28 U. S. C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by complainants' against defendants who are citizens of a different state than the complainants.

2.

Venue is proper in this district pursuant to 28 U. S. C. § 1391. The damages and injuries complained of herein occurred in Jefferson Parish, State of Louisiana, which is in the Eastern District of Louisiana.

Fee 150.00
Process
X Dktd
CtRmDep
Doc.No.

3.

Made complainants are majors and domiciliaries of Jefferson Parish, Louisiana.

4.

Defendants are the individuals, corporations and/or employers of the individuals who caused the damages and injuries complained of herein. Made defendant is:

A) Papa John's International, Inc., a Kentucky corporation whose principal place of business is 2002 Papa John's Boulevard, Louisville, Kentucky 40299.

5.

The above named defendant is liable unto your Complainants, Sherry Lynn Blancher and Stanley Blancher, jointly, severally, and in solido for all damages to be shown at the time of trial, including legal interest from the date of judicial demand until paid, and for all court costs relating to these proceedings.

6.

On or about June 20, 2001, your Complainant, Sherry Lynn Blancher was driving her 1995 Ford Aerostar in a southernly direction on David Drive in Jefferson Parish, when suddenly and without warning your Complainant was struck from the rear by a 1998 Buick Skylark owned and operated by Kerstin Graythen. The accident caused your Complainant to suffer the damages and injuries complained of herein.

7.

At all times material hereto, your Complainant, Sherry Lynn Blancher, was operating her vehicle in a safe and careful manner and in accordance with the Louisiana Revised Statutes on Motor Vehicles. Your Complainant in no way contributed to the cause of this accident.

8.

Complainants aver that the said accident and injuries were caused solely and entirely by the negligence and/or fault of Kerstin Graythen, in the following acts of commission and omission:

a)   Not having her vehicle under proper control;

b)   Not maintaining a proper lookout;

c)   Driving in a careless and reckless manner in utter disregard for the safety of other;

d)   Failure to yield;

e)   Crashing into Complainant's vehicle;

f)   Generally failing to exercise due care under the circumstances;

g)   Any and all other acts of negligence and/or fault to be shown at the time of trial.

All of which acts of commission and omission were negligent and in violation of common sense, common care, and common prudence, and all in violation of the laws of the State of Louisiana and the ordinances of the Parish of Jefferson, which are pled herein as if copied in extenso.

9.

The acts of fault and negligence of defendant, Papa John's International, Inc., were as follows, but not limited thereto:

a)   Allowing their vehicle to be operated by an untrained, unskilled and careless driver;

b)   Failing to instruct Kerstin Graythen in the proper operation of a motor vehicle;

c)   Generally failing to exercise due care under the circumstances;

d)   Such other acts and omissions as will be shown at the trial of this matter.

10.

That at all times pertinent hereto, Kerstin Graythen, was functioning in the course and scope of her employment as an officer, director, agent and/or employee of defendant, Papa John's International, Inc., and as such under the laws of vicarious liability and *respondeat superior*, Papa

John's International, Inc., is liable unto your complainants for the damages and injuries complained of and claimed herein.

11.

Complainant, Sherry Lynn Blancher, avers that the sudden, unexpected, and violent blow of the collision caused her to receive severe and painful injuries to her mind and body, which include, but are not limited to: disc displacement which is requiring surgery.

12.

The injuries caused by the above described accident have caused Complainant prolonged pain and suffering, extending to the present date, and will continue to cause Complainant future pain, suffering and medical expenses.

13.

Complainants aver that they have a right to recover from the defendant herein all mental and physical pain and suffering, medical expenses, and any and all other items of damage which may be associated herewith.

14.

Complainants aver that, at the time of the accident herein, there was in full force and effect a policy of liability insurance issued to Papa John's International, Inc., and by virtue of said contract of insurance, said insurer is liable unto Complainants for all acts of commission and omission and acts of negligence of their officers, directors, agents and/or employees which are alleged in this lawsuit.

15.

As the direct result of the defendants' conduct, complainant Stanley Blancher, husband of complainant Sherry Lynn Blancher, has suffered mental anxiety, pain and suffering, and the loss of consortium for being deprived of the companionship, love and affection, of his wife.

Complainants are entitled to and pray for trial by jury on all issues.  WHEREFORE, complainants pray:

(1) that defendant be served with a copy of the complaint and be cited to appear and answer same ;

(2) after due proceedings are had, including trial by jury, that judgment be rendered in favor of complainants and against defendant severally and in solido in an amount to compensate the complainants for all damages including exemplary damages, penalties and attorney fees if applicable to which they are entitled by law;

(3) for legal interest on all damages awarded from date of judicial demand until paid;

(4) for the costs of this litigation; and

(5) for such other and further damages and relief as this Court may deem just and proper.

**Respectfully submitted,**

**JAMES A. HATCH (#26045)**           **T.A.**
**ROY F. AMEDEE, JR. (#2449)**
**ATTORNEYS AT LAW**
**425 West Airline Highway, Suite B**
**LaPlace, LA 70068-3818**
**Telephone:    (985) 651-6101**
**Facsimile:    (985) 651-6104**